1   MICHELLE B. HEVERLY, Bar No. 178660
    ERICA H. KELLEY, Bar No. 221702
2   LITTLER MENDELSON
    A Professional Corporation
3   50 West San Fernando Street
    14th Floor
4   San Jose, CA 95113.2303
    Telephone:    408.998.4150
5
    Attorneys for Defendant
6   THE REYNOLDS AND REYNOLDS COMPANY

7

ORIGINAL
FILED

07 JUN 18 PM 3: 52

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CALIF.

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11  **C07   03208   JL**

12  Frederick H. Greenley,                    Case No.

13              Plaintiff,                     **NOTICE OF REMOVAL OF CIVIL
                                               ACTION UNDER 28 U.S.C. SECTION**
14      v.                                     **1441(B) [DIVERSITY]**

15  The Reynolds & Reynolds Company, and
    Does 1 through 20, inclusive,

16
                Defendant.
17

18

19          TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20          PLEASE TAKE NOTICE that Defendant The Reynolds and Reynolds Company (hereinafter

21  "Defendant"), hereby removes the above-entitled action, Case No. CV028797, from the Superior

22  Court of the State of California, County of San Mateo, to the United States District Court for the

23  Northern District of California, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

24  **I.    JURISDICTION**

25          1.    The Court has original jurisdiction over this matter pursuant to 28 U.S.C.

26  § 1332(a)(1).  This case may be removed pursuant to 28 U.S.C. §§1441 and 1446 because it is a civil

27  action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is

28  between citizens of different states, and no defendant is a citizen of the State of California.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

## II.    GENERAL INFORMATION

2.    On May 1, 2007, Plaintiff filed his Complaint for Damages, entitled "Frederick H. Greenley, Plaintiff, versus The Reynolds & Reynolds Company, and Does 1 through 20, inclusive, Defendants," Case Number CIV 462679, in the Superior Court of the State of California in and for the County of San Mateo.

3.    In the Complaint, Plaintiff alleges that he was employed with Defendant and claims wrongful termination, retaliation for refusing to waive his rights under California law, violation of California Business and Professions Code sections 17200, et seq., and declaratory relief. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

4.    Defendant was served with a copy of said Complaint for Damages and a Summons for the said state court by letter to a corporate office pursuant to Code of Civil Procedure section 416.10. Pursuant to Code of Civil Procedure section 415.40, service by mail is deemed complete on the 10th day after such mailing. As such, the summons and complaint was served on May 17, 2007. A copy of the summons and letter to the corporate officer dated May 7, 2007 is attached hereto as Exhibit "B."

5.    On June 18, 2007, Defendant filed a "General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint" ("Answer") with the San Mateo County Superior Court. A copy of Defendant's Answer is attached hereto as Exhibit "C." This document, together with Exhibits A and B, represents the entire state court file in this matter.

6.    There is no other defendant, other than The Reynolds and Reynolds Company, named in the Complaint.

7.    This Notice to Federal Court of Removal of Civil Action is timely since the complaint and summons were served less than thirty days before the instant notice of removal.

8.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action with a diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This case alleges a civil action between citizens of different states and seeks more than $75,000 in damages, exclusive of interest and costs.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

Firmwide:82626214.1 046961.1012                    2.                    Case Number: CIV 462679

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332(D) AND 1441(A)

## III.   DIVERSITY

9.     At the time that this action was commenced in San Mateo County Superior Court, Plaintiff was, and still is, a citizen of the State of California.

10.     At the time that this action was commenced in state court, Defendant was, and still is, an Ohio corporation with its principal place of business in Kettering, Ohio. Thus, Defendant is not a citizen of the State of California.

11.     No other party has been named or has been served as of the date of this Removal.

12.     The Defendants designated as DOES 1 through 20 are fictitious Defendants and are not parties to this action. Unnamed Defendants sued as Does are not required to join in a removal petition, and their citizenship is disregarded for purposes of removal. 28 U.S.C. §1441(a); *Fristos v. Reynolds Metal Company*, 615 F.2d 1209, 1213 (9th Cir. 1980).

## IV.   DIVISION ASSIGNMENT

13.     This matter is properly assigned to either the San Francisco or Oakland Divisions because all of the actions which allegedly give rise to Defendant The Reynolds and Reynolds Company's liability occurred in San Mateo County.

## V.   AMOUNT IN CONTROVERSY

14.     In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

15.     The District Court may consider whether it is facially apparent from the complaint that the jurisdictional amount is met. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

16.     In the present case, Plaintiff's complaint asserts wrongful termination, retaliation for refusing to waive his rights under California law, violation of California Business and Professions Code sections 17200, et seq., and declaratory relief. He is seeking compensatory, consequential, and special damages, including but not limited to lost earnings and other employment

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:82626214.1 046961.1012                    3.                    Case Number: CIV 462679

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332(D) AND 1441(A)

1    benefits, costs to seek other employment, and damages for emotional distress. This is sufficient to

2    meet the $75,000 amount in controversy requirement. William W. Schwarzer, A. Wallace Tashima,

3    and James M. Wagstaffe, Cal. Pract. Guide, Fed. Proc. Before Trial, §2:488, at 2C-82 (2005).

4            17.    In addition to compensatory damages, punitive damages are also properly

5    included in computing the jurisdictional amount. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th

6    Cir. 2001). A removing defendant may demonstrate that it is "facially apparent" from the complaint

7    that the claims likely exceed $75,000, by showing that punitive damages have been plead.

8            18.    Thus, it is apparent from the complaint that the $75,000 amount in

9    controversy requirement is met. *See Bosinger v. Phillips Plastics Corp.,* 57 F. Supp.2d 986, 989

10    (S.D. Cal. 1999) (finding federal jurisdiction over matter, noting that since plaintiff had pleaded

11    contract and tort damages, along with punitive damages, the complaint exceeds the jurisdictional

12    amount).

13            19.    Therefore, this action is a civil action over which this Court has original

14    jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Defendant to this Court

15    pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction.

16            20.    All pleadings, process or orders received by Defendant in the case are

17    attached hereto. Defendant has received no other process pleadings or orders.

18    **V.**    **NOTICE TO COURT AND PARTIES**

19            21.    The day following the filing of this Notice of Removal in the United States

20    District Court for the Northern District of California, written notice of the removal will be given by

21    the undersigned to Plaintiff's counsel and a copy of this Notice of Removal will be filed with the

22    Clerk of the Superior Court for the State of California, County of San Mateo.

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:82626214.1 046961.1012               4.                         Case Number: CIV 462679

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332(D) AND 1441(A)

1    WHEREFORE, Defendant The Reynolds and Reynolds Company prays that the above action

2    now pending against Defendant The Reynolds and Reynolds Company in the Superior Court for the

3    State of California, County of San Mateo, Case Number CIV 462679, be removed to this Court.

4    Dated: June 18, 2007

5

6

7                                             MICHELLE B. HEVERLY
                                              ERICA H. KELLEY
8                                             LITTLER MENDELSON
                                              A Professional Corporation
9                                             Attorneys for Defendant
                                              THE REYNOLDS AND REYNOLDS
10                                            COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

Firmwide:82626214.1 046961.1012                         5.                         Case Number: CIV 462679

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332(D) AND 1441(A)

# Exhibit A

DOUGLAS A. KAHN, Bar # 120790
Law Offices of Douglas A. Kahn
1299 Fourth Street, Suite 307
San Rafael, California 94901
Telephone:      (415) 460-2888
Facsimile:      (415) 460-2730
Email:          dougkahn@pacbell.net

Attorney for Plaintiff
FREDERICK H. GREENLEY

**ENDORSED FILED**
SAN MATEO COUNTY

MAY   1 2007

Clerk of the Superior Court
By _____
      A. De Leon
      DEPUTY CLERK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| FREDERICK H. GREENLEY, | Case No.  CIV 4 6 2 6 7 9 |
| Plaintiff, | COMPLAINT FOR DAMAGES, INCLUDING DECLARATORY RELIEF, FOR: |
| v. | 1. Wrongful Termination; |
| THE REYNOLDS & REYNOLDS COMPANY, and Does 1 through 20, inclusive, | 2. Retaliation; |
| | 3. Cal. Bus. and Prof Code §17200, et seq; and |
| Defendants. | 4. Declaratory Relief |
| | Jury Trial Demanded |

1.    This action is brought by Plaintiff FREDERICK H. GREENLEY against his former

employer who fired him after 25 years of employment for refusing to sign a new employment

agreement which illegally mandated that Plaintiff would not compete with the employer for

three years following the termination of his employment.  This suit alleges the following claims: (1) wrongful termination in violation of public policy; (2) unlawful retaliation for Plaintiff refusing to waive his rights under California law; and (3) violation of Cal. Bus. and Prof. Code §17200, *et seq* (unfair business practices).

2.    Plaintiff FREDERICK H. GREENLEY ("GREENLEY" or "Plaintiff") is an individual who resides in San Mateo, California.

3.    Plaintiff GREENLEY was employed by Defendant THE REYNOLDS & REYNOLDS COMPANY and/or its predecessor (hereafter collectively referred to as "REYNOLDS") in San Mateo, California as a Sales Associate from approximately 1982 to March 2, 2007. REYNOLDS makes and sells various customer relations and dealer management software for car dealerships throughout California and around the country.  GREENLEY performed all his work for Defendant throughout his employment in Northern California.   Plaintiff believes that REYNOLDS has close to a 50% market share of the car dealerships in Northern California.

4.    Plaintiff GREENLEY is informed and believes that Defendant REYNOLDS is a corporation.  It is doing business in San Mateo County.  Plaintiff is informed and believes, and on that basis alleges, that each act alleged in this Complaint to have been taken by REYNOLDS or at its direction was taken or authorized by REYNOLDS and its managing agents, and REYNOLDS is thus responsible for each such act.

5.    Plaintiff sues fictitious Defendants DOES 1 through 20, inclusive, pursuant to Code of Civil Procedure §474, because their names, capacities, and facts showing them liable are not presently known.  Each Defendant is sued as the agent or employee of every other Defendant acting within the course and scope of said agency or employment, with the knowledge, consent

or ratification of said co-Defendants. Each fictitious Defendant is responsible for the acts and omissions alleged herein.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### EMPLOYMENT TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendant REYNOLDS, and Does 1 through 8, inclusive)

6.     Plaintiff incorporates each paragraph in this Complaint above as if fully set forth.

7.     Plaintiff undertook and continued employment and duly and satisfactorily performed all of the conditions of his employment. Plaintiff has at all times been ready, willing and able to perform, and has offered to perform, all of the lawful conditions of his employment to be performed by him.

8.     On or about February 20, 2007, Defendant REYNOLDS communicated to Plaintiff that he must sign a written agreement (hereafter "the new agreement") which it wrote and gave to him.

9.     Plaintiff is informed and believes that that many of the terms of the new agreement were violative of public policy in California. Among other terms which were in violation of California public policy, the new agreement mandated that Plaintiff:  1) not compete with REYNOLDS for a three-year period after his employment for any reason terminated (this term included his agreement to not "solicit or accept" business from REYNOLDS customers and to not directly or indirectly aid any other entity in obtaining business from any customer of Reynolds); 2) to "not induce or attempt to influence in any way" another employee to leave employment with Defendants; 3) broadly agree to have "any amounts due Reynolds as a result of his employment" deducted from his final paycheck (including "charges for Reynolds'

property damaged"); and 4) arbitrate all legal claims between him and REYNOLDS in Ohio (while REYNOLDS retained the right to pursue court action instead of arbitration and to pursue injunctive relief on proscribed unilateral terms).

10.    Plaintiff believed that the terms of the proposed agreement violated the fundamental public policy stated in, among other things, Cal Bus and Prof Code §16600 (e.g., *D'sa v. Playhut* (2000) 85 Cal.App.4th 927), Cal. Labor Code §§2802 and 2804, Cal. Labor Code §221 (e.g. *Kerr's Catering Service v. Dept of I.R.* (1962) 57 Cal. 2d 319), Cal. Civ. Code §1668, and the protections articulated in, e.g., *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83.

11.    Plaintiff expressed to Defendant his opposition to its demand that he sign the new agreement, including his letting Defendant know his belief that Defendant was asking him to waive his rights under California law. Plaintiff genuinely held this belief.

12.    In response, on or about March 2, 2007, Defendants caused to be sent to Plaintiff a letter stating that, "As you have refused to sign the Employment Agreement recently presented to you, your employment with the Reynolds & Reynolds Company has ended effective immediately". Defendants accordingly fired Plaintiff. Plaintiff believes and alleges that his refusal to sign the proposed employment agreement, along with his expressing his opposition to being asked to waive his rights under California law, is the reason Defendants terminated his employment.

13.    As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in back pay, future pay loss, bonuses, health benefits, and other employment benefits which he would have received had Defendants not violated public policy

by firing Plaintiff, all to his damage in an amount according to proof. Plaintiff claims such amount as damages, together with prejudgment interest pursuant to Civil Code §3287 or any other provision of law providing for prejudgment interest.

14.    As a further proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and continues to suffer mental humiliation, embarrassment, distress, and anguish. As a result of such injuries, Plaintiff has incurred damages in an amount exceeding the minimum jurisdiction of this Court and to be proven at trial.

15.    Defendants committed the acts alleged herein despicably, maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken towards Plaintiff were carried out in a despicable, deliberate, cold, callous, and intentional manner with malice in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof. To the extent that such conduct was engaged in by employees or agents of Defendants, Defendants authorized or ratified the conduct or was itself guilty of such conduct. Plaintiff requests the assessment of punitive damages against Defendants, and each of them.

16.    Wherefore, Plaintiff asks for an award of monetary damages against Defendants as set forth below.

### SECOND CAUSE OF ACTION
### UNLAWFUL RETALIATION
### (Against Defendant REYNOLDS and
### Does 3 THROUGH 10, inclusive)

17.    Plaintiff incorporates each paragraph in this Complaint above as if fully set forth.

18.    Plaintiff was retaliated against in the terms and conditions of his employment as a direct consequence of his opposing Defendants' attempt to force him to waive his rights under California law, as set forth above.  The letter terminating his employment sets forth the unlawful motive for Defendant firing him: to punish him for opposing and refusing to sign what he genuinely believed to be an unlawful employment agreement.

19.    As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in back pay, future pay loss, bonuses, health benefits, and other employment benefits which he would have received had Defendants not unlawfully retaliated against him by firing him, all to his damage in an amount according to proof.  Plaintiff claims such amount as damages, together with prejudgment interest pursuant to Civil Code §3287 or any other provision of law providing for prejudgment interest.

20.    As a further proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and continues to suffer mental humiliation, embarrassment, distress, and anguish.  As a result of such injuries, Plaintiff has incurred damages in an amount exceeding the minimum jurisdiction of this Court and to be proven at trial.

21.    Defendants committed the acts alleged herein despicably, maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken towards Plaintiff were carried out in a despicable, deliberate, cold, callous, and intentional manner with malice in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof.  To the extent that such conduct was engaged in by employees or agents of Defendants, Defendants authorized or

1    ratified the conduct or was itself guilty of such conduct.  Plaintiff requests the assessment of

2    punitive damages against Defendants, and each of them.

3    22.    Wherefore, Plaintiff asks for an award of monetary damages against Defendants as set

4    forth below

5

6                              **THIRD CAUSE OF ACTION**
                          UNFAIR COMPETITION PURSUANT TO
7                    BUSINESS AND PROFESSIONS CODE §§17200-17208
                        (Against Defendant REYNOLDS AND Does 5 – 15)
8

9

10   23.    Plaintiff incorporates each paragraph in this Complaint above as if fully set forth.

11   24.    Plaintiff has been personally injured and brings this claim pursuant to California Business

12   and Professions Code §17200, *et seq.*  The conduct of all Defendants as alleged in this

13   complaint has been and continues to be unfair, unlawful and harmful to Plaintiff, to those

14   similarly situated, and to the general public.  Plaintiff seeks to enforce important rights

15   affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

16

17   25.    Plaintiff is a "person" within the meaning of Business and Professions Code §17204 who

18   has suffered an injury in fact as a result of Defendants' unfair competition.

19

20   26.    Business and Professions Code §17200 *et seq.* prohibits unlawful, unfair and fraudulent

21   business practices.

22

23   27.    Through the conduct alleged in this complaint, Defendants, and each of them, have acted

24   contrary to the public policy in California of enabling fair competition, and have engaged in

25   other unlawful and unfair business practices in violation of Business and Professions Code

26   §17200, *et seq.*, depriving Plaintiff, persons similarly situated, and interested persons of

27   rights, benefits and privileges guaranteed under the law.

28

28.   Defendants have committed unfair and unlawful business practices within the meaning of Business and Professions Code §17200, *et seq.* by engaging in conduct that includes, but is not limited to requiring Plaintiff (and other similarly situated employees) to waive their rights to fairly compete under Cal. Bus. Code §16600, wrongfully discharging Plaintiff (and others similarly situated) for refusing to sign agreements promising not to compete, and taking other acts to discourage or stop former employees from competing fairly with REYNOLDS.

29.   Plaintiff reserves the right to identify additional unfair and unlawful practices by defendants as further investigation and discovery warrants.

30   Plaintiff is informed and believes and thereon alleges that at all times material to this action, Defendants' conduct has injured the interest of the plaintiff and the general public in that:

   a)   Each member of the general public that sells software similar to that sold by Defendants, and who is attempting to do so in honest compliance with applicable California law, including the laws violated by the Defendants, is at an unfair competitive disadvantage as a result of Defendants' conduct;

   b)   Defendants have done these acts for the purpose of injuring competitors and/or destroying competition, in violation of Business and Professions Code §17040, *et al*;

   c)   At all times material to this action, Defendants' conduct has resulted in economic loss to Plaintiff and to the general public which purchases or would otherwise purchase software similar to that sold by Defendants.

31.   As a direct result of unfair, unlawful, unscrupulous, and anti-competitive conduct alleged

in this complaint. Defendants, and each of them, have acted contrary to law and contrary to public policy and have thus engaged in unlawful and unfair business practices in violation of Business and Professions Code §17200 *et seq.* Defendants have engaged in such conduct for their own economic self-interest, to increase their profits. Through their unfair business practices alleged herein, Defendants have received and retained and continue to receive and retain funds that rightfully belong to Plaintiff, and those similarly situated, and have produced further profits and those funds. As a result, defendants have been unjustly enriched and have achieved an unfair competitive advantage over their legitimate business competitors at the expense of the plaintiff, the defendants' employees, and the public at large. Plaintiff is entitled to and does seek all relief as may be necessary to restore to Plaintiff all money and property which Defendants have acquired, or of which Plaintiff and effected others have been deprived, by means of Defendants' unfair and unlawful business practices, and to restore to Plaintiff the ill-gotten gains obtained by defendants through those practices.

32.    Business and Professions Code §17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiff seeks restitution of all wages he would have otherwise earned according to proof, and further seeks declaratory relief described herein. Plaintiff is also entitled to enforce any and all available penalties flowing from Defendants' foregoing violations, in the amount to be proven at trial, pursuant to Business and Professions Code §17202, *et al.*

33.    Failure to enforce the penalties due as alleged herein would result in the unlawful enrichment of Defendants and would promote unfair competition.

## FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF
### (Against Defendant REYNOLDS, and Does 2 through 20, inclusive)

34.    Plaintiff incorporates each paragraph in this Complaint above as if fully set forth.

35.    On or about 2001, Plaintiff entered into a written agreement with Defendant REYNOLDS.  This agreement (hereafter referred to as "the 2001 agreement") contained a non-compete provision, which by its terms is in effect for a period of one-year following his employment termination (whether or not for cause).  The provision states that Plaintiff can not "call upon, solicit, take away, accept, or attempt to do business with" in the United States any of Defendants' customers which in the last year of his employment he contacted, received a commission for, or learned or had access to confidential information on.

36.    The 2001 agreement also contained a provision in which Plaintiff "waives all rights under California Business and Professional Code sect 16600, and any ... common law principle of similar effect, including any public policy claims arising under section 16600".

37.    The 2001 agreement also purports to force Plaintiff to litigate in Ohio "all questions relative to the interpretation and construction" of the 2001 agreement.

38.    Plaintiff seeks a declaration from the Court that these provisions of the 2001 agreement specified above in this cause of action are invalid, unenforceable, and are otherwise against public policy in California, and that this Court properly has jurisdiction to make a binding ruling on these issues.  These provisions of the 2001 agreement are counter to California law, including but not limited to the public policy contained in Cal Bus and Prof Code §16600 (e.g., *D'sa v. Playhut* (2000) 85 Cal.App.4th 927) and Cal. Civ. Code section 1668.

39.    Such declaratory relief is needed as Plaintiff, who is now unemployed due to his being fired by REYNOLDS, wants to continue to work in the industry in which he has been engaged in the last 25 years, and desires to work in the Northern California territory where he lives and has worked in the last 25 years.    He wants to be able to fairly compete with REYNOLDS, including being able to solicit and accept business from REYNOLDS customers.    Such customers represent a significant percentage of all potential customers in Plaintiff's industry. Without the declaratory relief requested by Plaintiff in this cause of action, he will be in constant jeopardy of potentially violating the written terms of the 2001 agreement (which agreement includes a written provision that he is "responsible for attorneys' fees and other legal expenses incurred by Reynolds or its successors and assigns to enforce any of the covenants of this agreement").    Plaintiff can not bear this potential liability, and so is effectively precluded from working in his industry.    He thus asks the Court to adjudge and declare his legal rights and duties under his written 2001 agreement.

**WHEREFORE**, Plaintiff GREENLEY requests that:

1)    Defendants be cited to appear and answer this Complaint;

2)    Plaintiff be awarded economic, non-economic, general, emotional distress, and punitive damages, together with interest provided by law;

3)    The Court grant Plaintiff's requested declaratory relief;

4)    The Court award restitution of all profits acquired by means of any unfair business practice and all penalties;

5)    Prejudgment and post-judgment interest;

6)    The Court award Plaintiff costs of suit;

1

2    7)    The Court award Plaintiff reasonable attorneys' fees per the provisions of the

3           contractual agreements between Plaintiff and Defendants, per Cal. Code Civ. Pro.

4           Sect 1021.5, per Cal. Bus. and Prof. Code §17200, *et seq*, and per other applicable

5           law; and

6    8)    The Court award Plaintiff any further relief that may be deemed just and equitable.

7

8    Plaintiff hereby demands a jury trial.

9

10

11

12    Dated: 4/26/07

13                         Douglas Kahn

                            Attorney for Plaintiff Frederick H. Greenley

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE REYNOLDS & REYNOLDS COMPANY, and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FREDERICK H. GREENLEY

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

## ENDORSED FILED
### SAN MATEO COUNTY

MAY    1 2007

Clerk of the Superior Court
By ___ A. De Leon ___
**DEPUTY CLERK**

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.   Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response.   You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Mateo Superior Court, Unlimited Jurisdiction
800 North Humboldt Street
San Mateo, California 94401-1499

**CASE NUMBER:**
*(Número del Caso):* CIV 462679

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| | |
|---|---|
| Douglas A. Kahn | 1299 Fourth Street, Suite    (415) 460-2888 |
| Law Offices of Douglas A. Kahn | San Rafael, California 94901 |

DATE:       **JOHN C. FITTON**    Clerk, by _____ A. De LEON , Deputy
*(Fecha)* MAY    1 2007        *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | American LegalNet, Inc. \| www.USCourtForms.com |
| SUM-100 [Rev. January 1, 2004] | | |

## *LAW OFFICES OF DOUGLAS A. KAHN*

1299 Fourth Street, Suite 307                        177 Post Street, Penthouse
San Rafael, California  94901                        San Francisco, California  94108

*Please reply to:* ☒                                              ☐

Telephone:  (415) 460-2888
Facsimile:  (415) 460-2730

email: *dougkahn@pacbell.net*

May 7, 2007

PERSONAL and CONFIDENTIAL
Via Certified Mail
7005 3110 0003 3572 4320

Mr. Finbarr J. O'Neill
Vice Chairman of the Office of the CEO
The Reynolds & Reynolds Company
One Reynolds Way
Kettering, Ohio  45430

Re:    *Greenley  v. Reynolds & Reynolds*
         San Mateo County Sup. Ct. Case No. CIV462679

Dear Mr. O'Neill,

Pursuant to Cal. Code Civ. Pro. §416.10, as an officer of Defendant The Reynolds & Reynolds Company you are hereby being served on behalf of the company with the enclosed Summons and Complaint in the above-referenced case.

If you would like to discuss resolution of these claims before litigation commences in earnest, please have your attorneys contact me.

Very truly yours,

Douglas Kahn

DAK:cs
Enclosures

# Exhibit C

1  MICHELLE B. HEVERLY, Bar No. 178660
   ERICA H. KELLEY, Bar No. 221702
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   14th Floor
4  San Jose, CA  95113.2303
   Telephone:    408.998.4150
5
   Attorneys for Defendant
6  THE REYNOLDS AND REYNOLDS COMPANY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN MATEO

10 Frederick H. Greenley,              Case No.  CIV 462679

11            Plaintiff,               **DEFENDANT THE REYNOLDS AND
                                       REYNOLDS COMPANY'S GENERAL
12     v.                             DENIAL AND AFFIRMATIVE DEFENSES**

13 The Reynolds & Reynolds Company, and
   Does 1 through 20, inclusive,
14
              Defendant.
15

16                          **GENERAL DENIAL**

17
          Pursuant to California Code of Civil Procedure, section 431.30(d), Defendant The
18
   Reynolds and Reynolds Company generally denies each and every allegation of Plaintiff's
19
   unverified Complaint, and further denies that Plaintiff has been injured in the amount or manner
20
   alleged or in any other amount or manner.  Wherefore, Defendant prays judgment as hereafter set
21
   forth.
22
          Defendant states the following as separate affirmative defenses:
23
                        **AFFIRMATIVE DEFENSES**
24
          AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH
25
   AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, The Reynolds and
26
   Reynolds Company ("Defendant") alleges:
27
          That Plaintiff's Complaint fails to allege facts sufficient to constitute any cause of
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

1   action or to set forth a claim upon which relief can be granted.

2   AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO

3   EACH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

4   That Plaintiff's claims are barred by the applicable statutes of limitations, including

5   California Code of Civil Procedure § 335.1 and California Government Code §§ 12960 and 12965.

6   AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

7   CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

8   That Plaintiff is estopped by reason of his conduct, acts, or omissions, from

9   recovering against Defendant on any purported claims for relief contained in the Complaint.

10   AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

11   EACH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

12   That all damages Plaintiff has suffered are wholly or in part the result of his own

13   actions, or the actions of other parties, not the answering Defendant.

14   AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

15   CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

16   That Plaintiff could have, through diligence, found other employment and taken other

17   action which would have mitigated his damages, and he had an affirmative duty to do so, which was

18   breached by his failure to find other employment and take other action upon the cessation of his

19   employment with Defendant.

20   AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

21   CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

22   That to the extent during the course of this litigation Defendant acquires any evidence

23   of wrongdoing by Plaintiff and the wrongdoing would have materially affected the terms and

24   conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted,

25   disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or

26   damages or shall reduce such claim or damages as provided by law.

27   AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

28   EACH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:82630292.1 046961.1012                    2.                    Case No. CIV 462679

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

1    That all actions taken by Defendant were required by business necessity and were

2    therefore justified.

3    AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

4    EACH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

5    That each and every act done by Defendant with regard to, or in any way related to,

6    Plaintiff's employment with Defendant was privileged as a good faith assertion of Defendant's legal

7    and contractual rights.

8    AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

9    CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

10    That Plaintiff has failed to exhaust his administrative remedies, the exhaustion of

11    which is a condition precedent to the maintenance of those causes of action.

12    AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

13    EACH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

14    That Plaintiff, by his own acts and omissions, is barred from recovery under the

15    doctrine of waiver.

16    AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

17    EACH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

18    That Plaintiff did not suffer any adverse employment actions as a matter of law, and

19    that any and all employment decisions made with regard to Plaintiff were for legitimate, non-

20    retaliatory business reasons.

21    AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

22    EACH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

23    That the allegations contained in the Plaintiff's Complaint fail to state facts sufficient

24    to constitute a claim upon which punitive damages may be sought.

25    Defendant has not yet completed a thorough investigation and study or completed

26    discovery of all facts and circumstances of the subject matter of Plaintiff's Complaint and,

27    accordingly, reserve its right to amend, modify, revise or supplement its Answer, and to plead such

28    further defenses and take such further actions as they may deem proper and necessary in its defense

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:82630292.1 046961.1012                    3.                    Case No. CIV 462679

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

1    upon the completion of said investigation and study.

2             WHEREFORE, Defendant prays judgment against Plaintiff as follows:

3             1.    For an order dismissing Plaintiff's claims with prejudice, and entering

4    judgment in favor of Defendant and against Plaintiff;

5             2.    For all reasonable costs and attorneys' fees incurred by Defendant in

6    connection with the defense of this matter; and

7             3.    For such other and further relief as the Court in the exercise of its discretion

8    deems just and proper.

9

10

11    Dated: June 18, 2007

12

13

14    MICHELLE B. HEVERLY
      ERICA H. KELLEY
15    LITTLER MENDELSON
      A Professional Corporation
16    Attorneys for Defendant
      THE REYNOLDS AND REYNOLDS
17    COMPANY

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

Firmwide:82630292.1 046961.1012            4.                    Case No. CIV 462679

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

**PROOF OF SERVICE BY MAIL**

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 14th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 18, 2007, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT THE REYNOLDS AND REYNOLDS COMPANY'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES**

in a sealed envelope, postage fully paid, addressed as follows:

Douglas A. Kahn
Law Offices of Douglas A. Kahn
1299 Fourth Street, Suite 307
San Rafael, CA 94901
*Attorneys for Plaintiff*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 18, 2007, at San Jose, California.

*Suzanne M. Barnes*
Suzanne M. Barnes

ITTLER MENDELSON
A PROFESSIONAL CORPORATION
0 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

PROOF OF SERVICE